# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-1049
Lower Tribunal No. 13-3222

————————————

**Catherine Rizk,**
Appellant,

vs.

**Joseph Rizk,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Celeste H. Muir, Judge.

Kopelowitz Ostrow P.A., and Kristen Lake Cardoso and Jan Douglas Atlas (Fort Lauderdale), for appellant.

Ader & Hitt, P.A., and Robert A. Ader and Elizabeth B. Hitt, for appellee.

Before SUAREZ, SCALES, and LUCK, JJ.

PER CURIAM.

Appellant Catherine Rizk appeals a summary judgment entered by the probate court in favor of Appellee Joseph Rizk. The challenged order determined that, by operation of law, decedent George Rizk's February 1, 2013 will revoked a prior will dated February 12, 1986.

The decedent, the parties' brother, was a native of Haiti. He died in April of 2013. Three and a half months before his death, the decedent prepared a will in accordance with Haitian law, which authorizes a testator to dictate the will to a Haitian notary who must reduce it to writing and read it back to the testator. The will is then executed by the testator, the notary and four witnesses. The notary then registers the will with the Haitian Tax Office and maintains the original in his or her office.

Appellant is the personal representative named in the decedent's 1986 will, and is a beneficiary of both the 1986 will and the 2013 will. In opposition to Appellee's cross motion for summary judgment,[1] Appellant maintained that there exist issues of material fact as to the validity of the 2013 will. Specifically, Appellant argued that decedent did not execute the will on February 1, 2013,

---

[1] Appellant initially filed a motion for summary judgment, which she withdrew at the summary judgment hearing on January 30, 2017. One argument abandoned by Appellant was that the 2013 will was a foreign nuncupative will – a will dictated by a testator, typically on the deathbed – which is not valid in Florida, per section 732.502(2) of the Florida Statutes. By definition, a nuncupative will is unsigned by the testator, which distinguishes a nuncupative will from the signed 2013 notarial will at issue in this case. See Malleiro v. Mori, 182 So. 3d 5, 8-9 (Fla. 3d DCA 2015).

2

because he was not in Haiti on that day; and further, that three of the four witnesses did not sign the 2013 will on that date as well.

In support of his motion for summary judgment, Appellee, *inter alia*, provided affidavits by the notary and a Haitian attorney attesting to the 2013 will's validity under Haitian law. In the Haitian attorney's affidavit, she states that, to her knowledge, no court action has been filed in Haiti to contest the 2013 will's validity, and therefore, it remains valid under Haitian law. It appears from the record that not only did Appellant not challenge the 2013 will's validity in Haiti, but that she already is receiving the benefits of the 2013 will as one of its beneficiaries.

Section 732.502(2) provides, in pertinent part: "Any will, other than a holographic or nuncupative will, executed by a nonresident of Florida . . . is valid as a will in this state if valid under the laws of the state or country where the will was executed." § 732.502(2), Fla. Stat. (2013). Appellee provided sufficient and undisputed evidence at summary judgment that the 2013 will is valid in Haiti.

Affirmed.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**